# Order

Michigan Supreme Court
Lansing, Michigan

November 6, 2009

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

136114

KEITH GAYLE DAVIS,
        Plaintiff-Appellee,

v

        SC: 136114
        COA: 270478
        Ingham CC: 04-000064-CP

FOREST RIVER, INC.,
        Defendant-Appellant,

and

KITSMILLER RV, INC.,
        Defendant.

_____/

On order of the Court, leave to appeal having been granted, and the briefs and oral arguments of the parties having been considered by the Court, we hereby VACATE the judgment of the Court of Appeals, and now AFFIRM the substance of the trial court's grant of judgment in the plaintiff's favor for different reasons from those stated by the Court of Appeals.

Immediately after purchasing a recreational vehicle, the plaintiff experienced serious problems with the vehicle. In accordance with the terms of the vehicle's express warranty, the plaintiff repeatedly delivered the vehicle to an authorized dealer for repairs, which were to be remedied within a "reasonable time, not to exceed sixty days." However, at one point, the vehicle was not returned to the plaintiff for 169 days, and, in total, it was out of service for 219 days during its first year. Because of continuing problems with the vehicle, the plaintiff was required to cancel a number of planned trips. The plaintiff has not used the vehicle since June 2003 because he fears additional breakdowns while on the road.

The Uniform Commercial Code applies to this breach of warranty action, as it involves a sale of goods. MCL 440.2102. Concerning the measure of damages, subsection 2714(2) of the Code, MCL 440.2714(2), provides that "the measure of

damages for breach of warranty is the difference at the time and place of acceptance between the value of the goods accepted and the value they would have had if they had been as warranted, unless special circumstances show proximate damages of a different amount." "The calculation of damages under this general rule presumes that the purchaser will retain title to the goods." *Murphy v Mallard Coach Co,* 179 AD 2d 187, 194 (NY App Div, 1992). In view of the specific history of this matter, we find that "special circumstances" warrant a departure from the general measure of damages. In accord, *Leavitt v Monaco Coach Corp*, 241 Mich App 288, 298-99 (2000). Because these circumstances have irreparably, and reasonably, damaged the plaintiff's confidence in the integrity of this vehicle, if he were to retain title, he would not "be put in as good a position as if [defendant] had fully performed." MCL 440.1106. See also, *Dynamic Recycling Services, Inc v Shred Pax Corp*, 569 NE 2d 570, 578 (Ill App, 1991) ("The 'special circumstances' exception must be viewed in light of section 1-106 of the Code."). We, therefore, conclude that the plaintiff should be allowed to relinquish title. In light of this, the measure of damages under MCL 440.2714(2) is consistent with the trial court's primary grant of judgment in the plaintiff's favor. These damages include the purchase price of the vehicle less the sum paid to the plaintiff pursuant to case evaluation, and repayment of interest paid on the loan and statutory interest pursuant to MCL 600.6013(8), to the extent that such awards of interest are not duplicative. This order does not affect the trial court's award of attorney fees. Given our resolution of the plaintiff's breach of warranty claim and the award of damages, it is unnecessary to reach the remaining issues argued before this Court.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 6, 2009

*Corbin R. Davis*
Clerk